**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **INGRID MEASURES,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **REQUEST FOR JURY TRIAL** |
| | ) | |
| **MISSION: ST. LOUIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff Ingrid Measures ("Plaintiff") hereby states and alleges as follows for her claims against the above-named defendant:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Measures is a citizen and resident of Missouri.

2. Defendant Mission: St. Louis ("Mission") is a nonprofit corporation organized under the laws of the State of Missouri.

3. Mission's principal place of business is in Saint Louis, Missouri. Mission can be served through its Registered Agent: James A. Beckemeier, 13421 Manchester Road, Suite 103, Saint Louis, MO 63131.

4. Defendant operates a facility in Saint Louis, St. Louis City, Missouri, which provides education, workforce-development, housing, and related social services.

5. At all times relevant, Defendant employed Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500, *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant regularly

conducts business in Missouri, is organized under the laws of the state of Missouri, and has its principal place of business located in Missouri.

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under the FLSA, 29 U.S.C. § 201, *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a) because that claim is so related to the federal claim in this action that it forms part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District, maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL COUNTS**

10. Defendant operates a housing program that provides minor to moderate home repairs for low-income, disabled, and senior homeowners.

11. As part of its housing services, Defendant provides and coordinates residential repair services for eligible homeowners in the St. Louis area.

12. Defendant's housing services include minor home repair work that does not require permits or professional licenses, including work involving plumbing, electrical systems, heating and cooling systems, carpentry, doors, windows, porches, and accessibility improvements.

13. Defendant employs field personnel to visit participants' homes, evaluate requested repairs, determine the work necessary to complete approved projects, and perform the repairs.

14. Plaintiff began working for Defendant on or about April 22, 2024, as a Minor Home Repair Project Coordinator. At all times relevant, Defendant compensated Plaintiff Measures on a salary basis at a rate of $56,700 per year.

15. Plaintiff worked on Defendant's Field Team and was responsible for visiting participants' homes, evaluating potential home repair projects, purchasing supplies, and completing the home repair projects.

16. Plaintiff generally worked on a Monday through Friday schedule.

17. Plaintiff typically began her workday at approximately 8:00 a.m. when she picked up a company van at Defendant's facility before traveling to participants' homes.

18. From there, Plaintiff traveled to participants' homes using Defendant's company vehicle and met with the participants to review possible repair projects.

19. Once a repair project was identified, Plaintiff purchased required materials and supplies to complete the approved repair work.

20. Plaintiff then performed the approved repair and installation work at the participant's home.

21. Plaintiff's primary duty involved performing hands-on, manual repair work for the participants of Defendant's housing repair program.

22. By way of example, Plaintiff performed sink repairs, deck and flooring repairs, and accessibility installation work, such as installing grab rails for disabled individuals.

23. Plaintiff's stop time was not fixed and varied depending on the number of homes assigned, the nature of the repairs, the extent of travel between homes, and the amount of work required to complete each project.

24. Plaintiff typically worked through her lunch period while traveling between participants' homes, purchasing materials, or completing assigned repairs.

25. Plaintiff's workdays regularly extended beyond eight hours and her workweeks regularly extended beyond 40 hours.

26. Defendant did not maintain a formal system that accurately recorded all hours that Plaintiff worked on a daily and weekly basis during the relevant period.

27. Plaintiff estimates that she worked approximately 45 hours per week on average.

28. Despite regularly working over 40 hours per workweek, Defendant never paid Plaintiff her earned overtime wages.

29. Plaintiff performed neither office-based administrative work nor any management-related functions.

30. Defendant misclassified Plaintiff as "exempt" from overtime despite Plaintiff's primary duty consisting of hands-on, manual repair and installation work in the field.

31. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees, as set forth herein.

**COUNT I**
**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 207, *et seq***

32. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully stated herein.

33. At all times relevant, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

34. At all times relevant, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

35. At all times relevant, Defendant employed employees who regularly handled and worked with goods and materials that had moved in interstate commerce, and Defendant's annual gross volume of sales made or business done exceeded $500,000.

36. In performing her work, Plaintiff regularly handled and worked with vehicles,

electronic devices, tools, construction supplies, and building materials that were manufactured outside Missouri or otherwise moved in interstate commerce before being used in Defendant's operations.

37. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations, but none of the exemptions set forth in 29 U.S.C. § 213 applied to Plaintiff's role as a Minor Home Repair Project Coordinator.

38. Nevertheless, Defendant misclassified Plaintiff as "exempt" from the FLSA's overtime requirements and refused to pay her overtime compensation.

39. During many of the weeks in which Defendant improperly classified Plaintiff as exempt from overtime, Plaintiff worked more than forty hours per week for Defendant.

40. At all times relevant, Defendant's officers and supervisors knew or should have known of Plaintiff's unpaid overtime compensation.

41. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to her unpaid overtime compensation.

43. To the extent the Court declines to award liquidated damages, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff respectfully prays this Court for an award of compensatory and liquidated damages under 29 U.S.C. § 216(b); pre-judgment and post-judgment interest as provided by law; reasonable attorneys' fees and costs as allowed by Section 216(b) of the FLSA; and such other relief as the Court deems fair and equitable.

**COUNT II**
**FAILURE TO PAY OVERTIME COMPENSATION**
**IN VIOLATION OF THE MMWL, MO. REV. STAT. § 290.505**

44. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully stated herein.

45. The Missouri Minimum Wage Law ("MMWL") requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times their regular rate of pay for work performed over forty hours in a workweek.

46. At all times relevant, Plaintiff was entitled to the rights, protections, and benefits provided under the MMWL.

47. Defendant is subject to the overtime pay requirements of the MMWL and Defendant employed Plaintiff during the applicable statutory period for MMWL claims.

48. During each year relevant to this action, Defendant received and administered several million dollars in annual revenue and program funding through its operations, and its annual gross volume of sales made or business done exceeded $500,000.

49. The MMWL incorporates the FLSA's overtime exemptions by reference in Mo. Rev. Stat. § 290.505(3).

50. Because no FLSA exemption applied to Plaintiff, Defendant also misclassified Plaintiff as "exempt" from the overtime requirements under the MMWL during the time in which she worked as a Minor Home Repair Project Coordinator for Defendant.

51. During many of the weeks in which Defendant improperly classified Plaintiff as exempt from overtime, Plaintiff worked more than forty hours per week for Defendant.

52. At all times relevant, Defendant's officers and supervisors knew or should have

known of Plaintiff's unpaid overtime.

53. Defendant's failure to properly compensate Plaintiff for overtime compensation constitutes a violation of the MMWL, Mo. Rev. Stat. § 290.500, *et seq*.

WHEREFORE, Plaintiff respectfully prays this Court for an award of compensatory damages in the full amount of her unpaid wages; an award of an additional amount equal to twice the unpaid wages as liquidated damages; pre-judgment and post-judgment interest; reasonable attorneys' fees; the costs and expenses of this action incurred herein; and other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury in the United States District Court for the Eastern District of Missouri, on all Counts and allegations of wrongful conduct alleged in this Complaint.

Dated: October 29, 2026

Respectfully submitted,

*/s/ John F. Doyle*

Daniel L. Doyle, MO Bar No. 37305
John F. Doyle, MO Bar No. 66626
DOYLE & BRUCE LLC
748 Ann Avenue
Kansas City, Kansas 66101
(913) 543-8558
(913) 543-3888 Facsimile
Dan@KCLaw.com
John@KCLaw.com

***Counsel for Plaintiff***